**STATE of Minnesota, Respondent,**

v.

**Peter Thomas YOURGLIVCH, Appellant.**

**No. C4–86–1293.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Review Denied March 18, 1987.

---

**620**

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Vernon D. Swanum, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

POPOVICH, Chief Judge.

Appellant Peter Yourglivch was convicted of theft, Minn.Stat. §§ 609.52, .05 (1984), for aiding his wife by walking out of a Target store in Duluth with a VCR and video-cassette tapes without paying for them. According to the prosecution witnesses, appellant, his wife Vicky and four-year-old son were shopping on January 17, 1986. They were observed by plainclothes security officer Daniel Peterson at the VCR display where appellant put a Panasonic VCR and 11 movie videotapes in their shopping cart. Peterson followed as they pushed their cart through the aisles. Appellant's wife looked back to the camera/sound department. Appellant walked up another aisle, returned to the camera/sound department and rejoined Vicky. Peterson believed their actions were suspicious. Peterson briefly lost sight of them for a few seconds as he got another security officer to assist. They were then seen near the jewelry department toward the front of the store. They did not check out. Instead, as Vicky pushed the cart, appellant and his wife left the store.

Outside, the security officers approached Vicky, asked for a receipt, and asked her to come back into the store. Appellant told the security people he had pushed the cart out.

Appellant accompanied his wife to the office although he was told he was not being arrested and was free to leave. Peterson notified the police and gave Vicky a form called "Voluntary Statement of Guilt" which appellant offered to sign.

When the police interviewed him, appellant said he had not planned on taking the items but they just did it. Appellant again offered to take all the blame so that his wife would not have to go to jail. Appellant offered to pay for the merchandise.

At trial, Vicky testified she knew she was stealing the merchandise but claimed appellant had nothing to do with it. She claimed, although their household income consisted of welfare assistance of about $500 a month, she had planned on buying a $500 VCR along with several tapes. She claimed she had $760 in her purse but when arrested and booked that evening less than $5 was found. Appellant testified although he had nothing to do with the theft he tried to take the responsibility out of concern for his wife's health.

## DECISION

The jury's function is to evaluate the credibility of witnesses. *State v. Daniels,* 361 N.W.2d 819, 826 (Minn.1985). We must review the evidence in the light most favorable to the verdict in determining whether the jury could reasonably conclude that appellant was guilty of the offense charged. *State v. Ulvinen,* 313 N.W.2d

425, 428 (Minn.1981). We conclude the evidence is sufficient to sustain appellant's conviction for intentionally assisting his wife in stealing the merchandise from the store.

Affirmed.